```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
CHRISTIAN GALARZA,

               Petitioner,

      -against-                        MEMORANDUM & ORDER
                                       08-CV-3338(JS)
UNITED STATES OF AMERICA,

               Respondent.
----------------------------------X
APPEARANCES:
For Petitioner:    Christian Galarza, Pro Se
                   Fed. Reg. No 71581-053
                   FCI Allenwood
                   P.O. Box 2000
                   White Deer, PA 17887-2000

For Respondent:    Lara Gatz, Esq.
                   United States Attorneys Office
                   Eastern District of New York
                   100 Federal Plaza
                   Central Islip, NY 11722-4454
```

SEYBERT, District Judge:

On August 8, 2008, Petitioner Christian Galarza ("Petitioner" or "Galarza") filed this Petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons below, the Court DENIES the Petition.

BACKGROUND

On January 9, 2005, Petitioner, along with others, attempted to rob a jewelry store located in Kings County, New York. Petitioner was arrested by the New York City Police Department on January 28, 2005. On December 5, 2006, this Court held a suppression hearing upon Petitioner's motion to suppress statements made to law enforcement officials; the Court later determined that

Petitioner lied under oath at the suppression hearing.

On April 27, 2007, Petitioner entered into a plea agreement with the United States (hereinafter, the "Plea Agreement"). Petitioner pled guilty to one count of conspiracy to commit bank robbery pursuant to 18 U.S.C. § 1951 and one count of using a firearm in relation to a robbery pursuant to 924(c)(1)(A)(ii). Under the Plea Agreement, Petitioner agreed "not to file an appeal or otherwise challenge the conviction or sentence in the event that the Court imposes a term of imprisonment of 135 months or less." (Plea Agreement ¶ 4.)

On August 7, 2007, this Court sentenced Petitioner to a term of one hundred twenty-five months. Judgment of the conviction was rendered on August 13, 2007. Petitioner did not file an appeal.

On August 8, 2007, Petitioner, proceeding pro se, filed a Petition arguing that he received ineffective assistance of counsel because his court-appointed attorney (1) demonstrated a lack of knowledge of the plea bargaining process, (2) failed to object to material inaccuracies in the Presentence Report ("PSR"), and (3) failed to meet the minimum American Bar Association standards. Additionally, Petitioner asserts that this Court failed to consider and apply the provisions of 18 U.S.C. § 3553(a) in his sentencing.

DISCUSSION

I.   Petitioner Failed to File a Direct Appeal

"In general, a claim may not be presented in a habeas petition where the petitioner failed to properly raise the claim on direct review." Zhang v. United States, 506 F.3d 162, 166 (2d Cir. 2007). It is well settled that a party who fails to take a direct appeal "and subsequently endeavors to litigate the issue via a § 2255 petition must 'show that there was cause for failing to raise the issue, and prejudice resulting therefrom.'" United States v. Pipitone, 67 F.3d 34, 38 (2d Cir. 1995) (quoting Douglas v. United States, 13 F.3d 43, 46 (2d Cir. 1993)). Cause is defined as "something external to the petitioner, something that cannot be fairly attributed to him." Id. (internal quotations and citations omitted). Although Petitioner waived his rights to file an appeal, "[s]uch a waiver cannot constitute cause excusing a petitioner's failure to raise a claim on direct appeal." LoCurto v. United States, No. 05-CV-1327, 2006 U.S. Dist. LEXIS 13371, at *37 (E.D.N.Y. Mar. 10, 2006) (citing Garcia-Santos v. United States, 273 F.3d 506, 508 (2d Cir. 2001)).

Petitioner has not presented any basis for his failure to file an appeal. Thus, the Court is precluded from considering the merits of Petitioner's claims. See United States v. Munoz, 143 F.3d 632, 637 (2d Cir. 1998) ("A motion under § 2255 is not a substitute for an appeal."); Rosario v. United States, 164 F.3d

3

729, 732 (2d Cir. 1998); <u>McFarlane v. United States</u>, No. 07-CV-0169, 2008 U.S. Dist. LEXIS 11190, at *5 (E.D.N.Y. Feb. 14, 2008) ("A petitioner cannot assert claims, constitutional or otherwise, that he failed to raise at trial, sentencing or on direct appeal "unless he can establish both cause for the procedural default and actual prejudice resulting therefrom or that he is 'actually innocent' of the crime of which he was convicted.") (<u>quoting</u> <u>DeJesus v. United States</u>, 161 F.3d 99, 102 (2d Cir. 1998)).

II. <u>Effect of Petitioner's Waiver</u>

Even if Petitioner presented cause for failing to appeal, Petitioner's claims would still be without merit. Petitioner waived his right to challenge his sentence under the terms of his Plea Agreement with the Government.

Under his Plea Agreement with the Government, Petitioner stipulated that he would not file an appeal or otherwise challenge the conviction or sentence in the event that the Court imposed a term of imprisonment of one hundred thirty-five months or below. (Plea Agreement ¶ 4). "In general, a defendant's knowing and voluntary waiver of his right to appeal or challenge a sentence within an agreed guideline range is enforceable." <u>United States v. Rosa</u>, 123 F.3d 94, 97 (2d Cir. 1997).

However, the Second Circuit has held that there are certain situations in which a defendant may seek review of a sentence notwithstanding the existence of a waiver pursuant to a

plea agreement. Such instances include: "1) the arbitrary practice of sentencing without [proffered] reasons which . . . could in some cases amount to an abdication of judicial responsibility subject to mandamus, . . . 2) the defendant's right to appeal on the grounds of ineffective assistance of counsel, . . . ; and 3) the arguably unconstitutional consideration of naturalized status." See id. at 98 (internal quotation marks and citations omitted); see also United States v. Jacobson, 15 F.3d 19, 23 (2d Cir. 1994). "The same principle[s] appl[y] to a waiver of a right to file a section 2255 petition." Garcia v. United States, No. 04-CV-6020, 2008 U.S. Dist. LEXIS 19438, at *8 (S.D.N.Y. Mar. 14, 2008).

Here, the Court finds that Petitioner knowingly and voluntarily waived his right to appeal. Thus, Petitioner may vacate his sentence only on limited grounds. With the exception of Petitioner's claim that he received ineffective assistance of counsel in entering into the Plea Agreement, Petitioner's claims have been waived.

III. Petitioner's Claim of Ineffective Assistance of Counsel

To sustain his claim of ineffective assistance of counsel, Petitioner must demonstrate that (1) counsel's performance "fell below an objective standard of reasonableness," and (2) such unreasonable performance of counsel "prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687-88, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Regarding the first prong, the Court must

5

presume that counsel's conduct falls "within the wide range of professional assistance" and counsel "made all significant decisions in the exercise of reasonable professional judgment." Id. at 689-90.

Petitioner argues that counsel failed to "explain developments in the case to the extent reasonably necessary to permit Galarza to make informed decisions regarding the representation." (Pet. Mem. in Support at 9, 10). Petitioner further alleges that his attorney failed to investigate the case, and failed to explain alternative penalties to Petitioner, which "resulted in a plea that was not knowingly and intelligently entered into." Id. at 10. Petitioner maintains that he was prejudiced because of "objectively unreasonable" representation. Id.

The Court finds that Petitioner's claims are without merit. "Claims by petitioners that their pleas were involuntarily made due to the erroneous advice or unrealized promises made by counsel 'afford an all to easy avenue for the invalidating of conviction on pleas of guilty.'" Hernandez v. United States, 839 F. Supp. 140, 143 (E.D.N.Y. 1993) (quoting United States v. Horton, 334 F.2d 153, 154 (2d Cir. 1964). Therefore, "when considering the voluntariness of a defendant's plea, courts look to the voir dire of the defendant upon each plea to determine whether the plea reflected a knowing, free and rational choice of the alternatives

open to the accused." Id.

The Court finds that Petitioner knowingly and voluntarily entered a guilty plea with full knowledge of the factual basis of the plea and the consequences of entering a plea. The Court thoroughly questioned Petitioner during his plea allocution to ensure that Petitioner's plea was voluntary. Petitioner repeatedly stated during his plea and during sentencing that he understood he was entering a plea of guilty for count one of the Indictment which carried a maximum penalty of twenty years, as well as count five which carried a minimum term of seven years. The following transpired during Petitioner's plea:

> The Court: Are you satisfied with the services of your attorney, Mr. Jacobs?
>
> Petitioner: Yes.
> *****
> The Court: Do you understand if you give up your right to a trial, if you plead guilty and give up all of these rights that I've mentioned, that there no longer is an issue about whether or not you committed these crimes?
>
> Petitioner: Yes.
>
> The Court: You won't be having a trial and you are pleading pursuant to a plea agreement and you've reviewed that plea agreement, is that correct, with Mr. Jacobs?
>
> Petitioner: Yes, ma'am.
>
> The Court: After reviewing that plea agree-ment, you understand that you are

7

>agreeing to plead guilty to counts one and five of the Superseding Indictment. The first count carries a maximum term of 20 years in jail, three years maximum supervised release term, but if you violate the terms of your supervised release you'll go back to jail and serve possibly more than 20 years. Do you understand that?

Petitioner: Yes, ma'am.

*****

The Court: Do you also understand Mr. Galarza, that the Count Five that you offer to plead guilty to, that's a crime for violence, brandishing a firearm during a crime of violence and that has a lifetime term of imprisonment as the maximum, seven years minimum term which is 84 months, maximum supervised release term of five years, and the term of imprisonment under this count must be served consecutively to any time you get on Count One. Do you understand that?

Petitioner: Yes.

The Court: Okay. Additionally, you understand that I will be sentencing you pursuant to the advisory guidelines, they're not mandatory, but I will take into consideration the guidelines, and in view of your agreement here, you've discussed with your attorney what your potential guideline ranges [are]; is that correct?

Petitioner: Yes.

The Court: And that would be a 22, in addition with respect to the

|  |  |
|---|---|
|  | consecutive mandatory jail time, that would be an additional 84 months on top of whatever you get for Count One? |
| Petitioner: | Yes. |
| The Court: | Is that correct? |
| Petitioner: | Yes. |
| The Court: | You also understand that you're stipulating to this particular guideline range and you know that under this particular agreement and law as it's been estimated, you will not have any arguments to be made with regard to a term of 125 to 135 months, and that is what you're stipulated to in terms of the guideline estimate. You can't raise any objections to that. |
| Petitioner: | Yes. |

*****

|  |  |
|---|---|
| The Court: | And you also understand, Mr. Galarza, that I will be assessing the perjury that I found after the suppression hearing in terms of what your sentence will be before me. |
| Petitioner: | Yes, ma'am. |

(Tr. of Plea April 27, 2007 at 4-7, 9.)

The Court finds that Petitioner knowingly and voluntarily entered a plea of guilty. Petitioner admitted to lying under oath at the suppression hearing, and he understood that his perjured testimony would be taken into account at sentencing. Petitioner was properly sentenced within the statutory confines and stipulated to the guideline range in the plea agreement.

9

Petitioner has not presented any credible arguments indicating that he was not fully informed of the consequences of pleading guilty. "Petitioner points to nothing in the record, other than his own self-serving assertions, to suggest that his plea was in any way defective." Vargas v. United States, No. 00-CV-2275, 2007 U.S. Dist. LEXIS 60214, at *27 (E.D.N.Y. July 27, 2007); see also Pitcher v. United States, 371 F. Supp. 2d 246, 257 (E.D.N.Y. 2005) ("[Self-serving, post conviction claims regarding counsel's advice, without some further evidence, are generally insufficient to establish ineffectiveness.").

Additionally, despite Petitioner's argument that counsel failed to raise favorable mitigating factors, counsel offered various mitigating factors for the Court's consideration. Defense counsel provided a detailed letter to the Court, dated July 26, 2007, explaining that Petitioner was neglected by his parents, and that he suffered sexual and physical abuse as a child at the hands of his father. (Resp. Ex. 3). Counsel also submitted letters from Petitioner's family and friends in support of Petitioner. Subsequently, defense counsel again raised Petitioner's upbringing and other mitigating factors during the Court's sentencing. The mitigating factors were also highlighted in the Presentencing Report. In sum, it appears that counsel acted diligently and reasonably in his representation of Petitioner. There is no evidence whatsoever indicating that counsel met the Strickland

standard of ineffectiveness.

The Court has reviewed Petitioner's remaining arguments in support of his ineffective assistance of counsel claim and finds that they are without merit. "Because [Petitioner] cannot show that his counsel's performance fell below 'an objective standard of reasonableness,' nor does the record demonstrate that 'there, is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different,' the Strickland standard has not been met." <u>Monas v. United States</u>, No. 07-CV-5954, 2008 U.S. Dist. LEXIS 13281, at *8 (S.D.N.Y. Feb. 21, 2008) (quoting <u>Strickland</u> 466 U.S. at 694). <u>See</u> <u>Antonucci v. United States</u>, No. 08-CV-0529, 2009 U.S. Dist. LEXIS 6666, at *17 (S.D.N.Y. Jan. 26, 2009) (rejecting ineffective assistance of counsel claim and holding that counsel's actions had "no effect on the sentence imposed because: (1) the correct section of the Sentencing Guidelines . . . was used in calculating the appropriate Guidelines range; and (2) the sentencing Court was not bound by any of the calculations set forth in the Plea Agreement, whether erroneous or not.").

IV. <u>Petitioner's Remaining Claim is Rejected</u>

Petitioner waived his right to raise the remaining claim in his Petition by entering into the Plea Agreement, and in addition, Petitioner's arguments are procedurally infirm because Petitioner did not raise his remaining claim on direct appeal. <u>See</u>

United States v. Pipitone, 67 F.3d 34, 38 (2d Cir. 1995). Additionally, Petitioner's remaining claim is without merit. Contrary to Petitioner's allegations, the Court did not blanketly apply a guideline sentence without considering mitigating factors.

The Court gave respectful consideration to the sentencing guidelines, the Sentencing Commission's policy statements, and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence was "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). A sentence within the guidelines is appropriate in this case, as the Court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." See 18 U.S.C. § 3553(a)(1). Additionally, the Court also took into account the fact that Petitioner lied under oath while testifying at the suppression hearing.

Petitioner argues that his sentence should be reduced because he received a harsher sentence than similarly-situated defendants in another, unrelated case. To the extent that Petitioner is claiming an Eighth Amendment violation, the Court finds that Petitioner's sentence was not unduly harsh. "[A] full review [of Petitioner's sentence] is only necessary in exceptional cases where a 'threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality.'" Hsu v. Cunningham, No. 05-CV-4586, 2006 U.S.

Dist. LEXIS 18406, at *12-13 (S.D.N.Y. March 27, 2006) (quoting <u>Harmelin v. Michigan</u>, 501 U.S. 957, 1005, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991)(Kennedy, J., concurring)). The Court finds that Petitioner's sentence was not excessive for the crimes committed, and therefore need not engage in an in-depth analysis of Petitioner's sentence and that of other defendants.

In sum, Petitioner's objections to the sentence imposed by this Court are without merit. The Court sufficiently considered all of the factors set forth in 3553(a), and applied the correct offense level at sentencing.

## CONCLUSION

For the reasons stated above, the petition for a writ of habeas corpus pursuant to 28 U.S.C. Section 2255 is DENIED.

Pursuant to Fed. R. "App. Pro. 22(b) and 28 U.S.C. Section 2253(c)(2), a certificate of appealability is denied, as Petitioner has not made a substantial showing of a denial of a constitutional right. <u>Miller-El v. Cockrell</u>, 537 U.S. 332, 336, 123 S. Ct. 1029, 1039, 154 L. Ed. 2d 931 (2003); <u>Luciadore v. New York State Div. of Parole</u>, 209 F.3d 107, 112 (2d Cir. 2000).

The Clerk of the Court is directed to mark this matter closed.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
December   28  , 2009